Argued December 14, 1955, reversed with instruction January 11,
petition for rehearing denied March 14, 1956

HILL ET AL *v.* SOUTH, ADMINISTRATOR
292 P. 2d 141

*G. J. Meindl* argued the cause for appellant. On the brief were Meindl, Mize & Kriesien, Portland.

*Wm. J. Crawford* argued the cause for respondents, Lynn Edwin Hill, Myron Ward Whitcomb and Melvin Le Roy Weaver by their Guardian Ad Litem, H. A. Hill. On the brief were Crawford & Willner, Portland.

Respondent Terry D. Schrunk did not appear nor file a brief herein.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PERRY, J.

On February 19, 1952, James Stevens died seized of Lots 27, 28 and 29, Block 44, West Portland Park, Multnomah county, Oregon. Located upon this property was a building designated by witnesses as the "big house", and there was also located thereon a "shack" in which the deceased lived. This area of Portland was sparsely settled. Stevens for a number of years had no regular employment, but worked at odd jobs, sold some fruit raised upon his property, and received some support from state welfare.

On or about May 20, 1952, the plaintiffs, Lynn Edwin Hill, Myron Ward Whitcomb, and Melvin Le Roy Weaver (all boys ranging in age from 7 to 11 years) while poking with sticks in the bottom of a natural water pool upon the Stevens property, and near the shack where Stevens resided, discovered the sum of $2,180 in paper currency of the United States. The paper currency had been wrapped in oiled paper, which was folded and placed in a waxed paper sealed fruit jar, the fruit jar being placed in a small wooden cask

which was again sealed at its joining with tape, and this cask in turn was secured in a section of rubber innertube, the ends of which had been secured against the entry of water, the innertube being rigged with wire or ropes to secure it to the bottom of the pool. The plaintiffs opened the rubber innertube, removed the money from the glass jar, and delivered the currency to their parents, who in turn delivered it to the defendant Terry D. Schrunk, sheriff of Multnomah county. The paper currency was of five, ten and twenty dollar denominations as follows: 70 of the $5 bills; 75 of the $10 bills; and 54 of the $20 bills. The earliest of these bills was placed in general circulation in the year 1936, and the latest in the year 1951. The defendant administrator prior to this discovery by the plaintiffs had found in the house of the deceased three packages of currency wrapped in the same manner in waxed paper and placed in an envelope; this currency is not at issue in this case.

The plaintiffs brought this suit to determine who was entitled to the possession of the currency, the plaintiffs or F. Floyd South, administrator of the estate of James Stevens, deceased.

The defendant Terry D. Schrunk appears solely as stakeholder, claiming no interest in the funds.

The trial court found for the plaintiffs, and the defendant F. Floyd South, administrator of the estate of James Stevens, deceased, has appealed.

In determining the question of which party is entitled to the possession of the currency found, it is first necessary to decide the category in which it shall be placed, for the reason that possession of the real property is a material element in the consideration.

Is the currency to be classified as lost property, treasure trove, abandoned, or mislaid?

■ If the currency is treasure trove or abandoned property the ownership or possession of the land upon which it was found is immaterial. *Roberson v. Ellis,* 58 Or 219, 114 P 100; *Ferguson v. Ray,* 44 Or 557, 77 P 600.

■ If the currency is considered lost property the courts, under certain circumstances, draw a distinction between the personalty found in a private place and that which is found in a place resorted to by the public in general. See note 170 ALR 707, and cases cited therein; *South Staffordshire Water Co. v. Sharman,* 2 QB 44 (1896), 65 LJQB NS 460, 74 LT NS 761; *Hannah v. Peel,* 1 KB 509 (1945).

The distinctions seem to be, if the personalty is found in a private place it is placed in the category of mislaid property as distinguished from that which is considered legally lost, and the ownership and possession of the real property upon which it is found is often the determining factor as to possession. *Jackson v. Steinberg,* 186 Or 129, 200 P2d 376, 205 P2d 562; 34 Am Jur 632, Lost Property § 3.

■ We will not attempt to again define the various categories above referred to as this was very ably done by the late Mr. Justice ARTHUR D. HAY in *Jackson v. Steinberg,* supra. We will, however, point out why in our opinion this currency cannot be considered as treasure trove, abandoned or lost property.

Treasure trove carries with it the thought of antiquity. One of the pieces of currency of necessity was deposited in its repository sometime during the year 1951; in all probability less than a year prior to discovery by the plaintiffs.

The elaborate care taken to preserve the paper currency from the effects of water, and the effective concealment of the rubber innertube and its contents in the bottom of a pool upon private grounds until it was

actually dislodged from its repository, discloses the mind of a person who was attempting to carefully conceal and preserve property, and not to abandon it.

The currency was found secreted in a private place and secured to the real property owned by James Stevens, the deceased. There is nothing in the record to show that this pool was open by express or implied invitation of Stevens to the general public. On the other hand, the record shows that James Stevens expressly directed children away from the pool unless he was present.

We are of the opinion that the evidence in this case discloses an ownership of the currency in James Stevens at the time of his death, but, in any event, should we adopt the plaintiffs' necessary primary base, that is, the currency was not the property of the deceased, then we would be compelled to place this find in the category of mislaid property, which would place the right of possession in the defendant as the legal representative of the owner of the land, James Stevens, deceased.

We wish to mention with approbation the honesty and integrity of the plaintiffs and their parents.

The cause is reversed with instructions to enter judgment for the defendant.

Neither party shall recover costs.